PENDLETON, President.
This is an appeal from the District Court of King and Queen, where, in a writ of right, the mise was joined on the mere right; and a jury were sworn and charged to decide it.
The demandant filed a bill of exceptions, stating the title of both parties to be derived from John Miller, who died seised, in 1742: the demandant claiming under Christopher. his grandson, and heir at law, the tenants under Christopher his son, to whom the testator devised it by his will.
By the strict wording of the opinion, it would seem as if it was founded on the statute, requiring, as the Court appear to have supposed, seisin and possession of the *114 lands to enable a testator to dispose of them, which Christ°P^er> the grandson, had not, and, therefore, according to the opinion, could not devise them, though he should have had title. But, if it appears, by the demandant’s own shewing, that Christopher, the grandson, had neither seisin, possession or title, so that he could derive none from him, the opinion and verdict were substantially right, and the Court will affirm the judgment.
Whether the heir had a title, depends on the will of his ancestor devising the lands to his son Christopher without limitation, but declaring in the preamble he intended to dispose of his estate, and towards the conclusion, that he had disposed of his estate according to his will.
If this passed a fee to the son, his title was in the tenants, and the heir had no title. If, on the contrary, it only passed an estate for life, the reversion descended to the heir, who had a right to the possession on the death of Christopher his son.
That the word estate, coupled with the devise, will comprehend the interest, as well as describe the thing, and pass a fee, has long been settled. That it may be transposed from the preamble or other parts of the will, and annexed to the devise, to fulfil the intention of the testator, is warranted by precedents in England and in this Court.
The testator, here, has doubly fortified his devise, by the word estate in the preamble and conclusion of his will: which the Court do not hesitate to say passed a fee to Christopher the son; and that the heir had not, and consequently the demandant has no title.
Affirm the judgment. *

[* See Kennon v. McRoberts et ux., 1 wash. 96; Watson v. Powell, 3 Call, 306 ; Wyatt v. Sadler’s heirs, 1 Munf. 537 ; Johnson et al v. Johnson's widow et al., 1 Munf. 549; Philips et ux. v. Nelson et al., 3 Munf. 76; Doe on dem. Penwarden v. Gilbert et al., 3 Brod. and Bing. 85.]