Allen, J.
The bill of exceptions to the decisions of the Court, giving the instruction to the jury, asked by the demandants, and refusing the instruction asked by the tenant, sets out all the evidence. From this it appears that the tenant gave in evidence the patent to Gallego and Chevallie for a large tract of land, and sundry deeds, deducing the title from the patentees to himself ; and proved that the land in controversy, was embraced within the Jines of said patent and his title papers. The demandants thereupon adduced in evidence, a junior patent to Robert Anderson, which covered a portion of the land embraced in the previous grant to Gallego and Chevallie, as shewn by the plat and report of the surveyor returned in the cause : also, a deed from said Anderson to Joseph Givens, dated the 6th March 1806, for land, the greater part of which lay without, *281 but a small portion was included within, the lines of the Gallego and Chevallie patent: also another deed from. Anderson to Givens, dated the 6th December 1822, for . another tract adjoining the last tract; a large portion of the land conveyed by the last deed, was embraced by the lines of the elder patent; they also proved that said Joseph Givens died intestate in 1831, leaving the demandants his heirs. The demandants then gave evidence that the said Joseph Givens cleared and enclosed a portion of the land so conveyed to him by the two deeds aforesaid, and embraced within the lines of the elder grant; that he had cleared and fenced 3¿ acres of land within the limits of the elder grant and of the deed of December 1822, before the date of said deed, viz: in 1818 or 1819; that at the time of making said clearing, he claimed the land as his own; that the rest of the clearing was embraced within the boundaries of the elder patent and of said deed of the 6th March 1806, and was made by said Joseph Givens in the years 1819, 1820, 1821; and that he continued to clear the said land until near his death. And also proved that the demandants and their ancestor had held possession of said cleared lands, cultivating and pasturing them, from the time they were cleared until the bringing of this suit.
After some further testimony respecting an improvement made by the tenant within the limits of his patent, and of the deed of 6th December 1822, and conversations in relation thereto, not bearing on the questions raised by the instructions as asked for and given, and refused by the Court; it was further proved that said Joseph Givens and the demandants had paid the taxes on the land in dispute since the year 1824; that John Reynolds died intestate in the year 1814, and that the wife of said Joseph Givens was one of his heirs.
Upon this state of facts, the demandants moved the Court to instruct the jury, that if they believed from the evidence that John Reynolds purchased the tract of *282 187 acres of land, (the land conveyed by the deed of 6th December 1822,) before his death in 1814, and had paid for it, and had a right to call for the title; that Joseph Givens had intermarried with one of the heirs of Reynolds before he cleared and enclosed a part of said tract of 187 acres, that such entry, if made under the said purchase, by Joseph Givens, upon the said land as one of the heirs of John Reynolds, would constitute an adverse possession under colour of title, which would extend to the boundary of said tract of 187 acres. The tenant objected to the instruction, because there was no evidence in the cause, tending to prove the state of facts set out and supposed to, exist in the instruction. The Court overruled the objection and gave the instruction, to which the tenant excepted.
If the objection was well founded, and there was no evidence tending to prove the facts set out and supposed, the instruction should not have been given. The only evidence connecting John Reynolds in any way with this matter, except the recitals in the deed of the 6th December 1822, was the proof that he died intestate in the year 1814, and that the wife of Joseph Givens was one of his heirs. This neither proved or tended to prove that he had purchased the tract of 187 acres before his death in 1814, had paid for it and had a right to call for the legal title; still less that Joseph Givens entered under such alleged purchase, from which the deduction was to be made, that such entry would constitute constructive adverse possession under colour of title, which would extend to the boundary of the tract of 187 acres. But upon looking to the deed of the 6th. December 1822, the object of the instruction, and its pertinency to the question in issue, is fully disclosed. That deed from Robert Anderson to Joseph Givens, after reciting that Anderson, in order to comply with a contract made between John Reynolds, deceased, and Isaac Taylor, for the tract of land therein described, *283 the title to which being in Anderson, and said Taylor having full compensation from said Reynolds, deceased, for said tract of land, and said Givens being one of the heirs of said Reynolds, and having bought the claims of the other heirs of Reynolds, proceeds to convey the land to Givens by metes and bounds. The recitals in this deed would have been evidence against the grantor and all claiming under him; but as against the tenant, who was no party to the deed, and claimed the land by an elder patent than the one under which Anderson claimed, these recitals can be no evidence. Ford v. Grey, 1 Salk. R. 285; Penrose v. Griffith, 4 Binn. R. 231; Gilbert’s Ev. 86; West v. Pine, 4 Wash. C. Ct. R. 691. The effort was, by the instruction, to give to these recitals the weight of testimony tending to prove that an entry made apparently without right, and therefore tortious, was in fact made under a purchase ; and that the entry so made, constituted an adverse possession to the extent of the boundaries of a deed thereafter made. Such a position would enable every disseizor entering without colour of title, to give to himself constructive adverse possession of lands not actually in his occupation, by procuring at any future day, a conveyance by metes and bounds, including in the deed the land actually in his occupation, together with any adjacent lands not in the actual occupation of another; and such constructive adverse possession would relate not to the date of the deed, but to the time of the original entry. The deed of the 6th December 1822, being a part of the demandants’ evidence of title, they had a right to offer it in evidence; but there being no evidence tending to connect Reynolds with the land, except the recitals in the deed, the instruction moved for, brought the effect of those recitals directly to the consideration of the Court. By giving the instruction, the Court in reality instructed the jury, that they had a right to regard the recitals as evidence tending to *284 prove the facts supposed. In this, it seems to me, the Court erred, and the instruction should have been refused, because there was no legal evidence as against the tenant, tending to prove the facts supposed by it. That the Court considered the recitals in the deed as proper evidence for the consideration of the jury, as tending to prove the facts therein set forth, is manifest from the refusal to qualify the instruction in the mode asked by the tenant. After the instruction was given, the tenant moved the Court to instruct the jury, by way of supplement to the instruction given, that the deed aforesaid was not evidence in that cause of any such payment of the purchase money as is referred to in the said instruction, or as would have given the said Joseph Givens or his heirs a right to call for the title; but the Court refused to qualify the previous instruction, or give the instruction asked for by the tenant: The refusal amounting to a direct instruction that the jury were at liberty to regard the recitals as evidence against the tenant of the facts so recited. In this, I think, for the reasons already given, the Court plainly erred.
It has been argued that although the Court may have erred in giving and refusing the instructions asked for as aforesaid, yet if it appears on the whole record, the judgment is substantially right, it should be affirmed, upon the authority of Davies v. Miller, 1 Call 127. In that case both the demandants and tenant deduced their title from the same source. The original owner had devised the land, and the only question presented was, whether his devisee took an estate for life or in fee. The demandants who claimed as devisees of the heir at law, insisted that the will of the first owner only created a life estate; and that the fee descended on the heir at law, who, though not in possession, had devised the same to them. The Court instructed the jury, that the devise of the heir at law, who was not seized and possessed of the lands at the date of his will, or the time *285 of his death, was void. The Court of appeals held, that although from the wording of the instruction, the Court below supposed that a person out of possession could not devise his lands, though he had title, and in this may have erred, yet it appeared by the demandants’ own shewing, that the heir at law had neither seizin, possession or title; for the devise of the first owner gave the fee; so that there was no estate which descended upon the heir which could pass by his will. The demandants took nothing by the will, and the instruction was substantially right.
The instruction there bore upon the question which was decisive of the cause. But in the present case it is maintained that the judgment should be affirmed, not because the instruction was substantially right, and, therefore, could work no injury; but because the jury would, as it is insisted, have been warranted in finding by the whole evidence, although they may have been misled in regard to so much of the case as the instructions referred to. It is not for this Court to say what influence the recitals of the deed in question may have had on the minds of the jury; or what the evidence offered as tending to prove an adverse possession at the date of the conveyance to the tenant, did in fact prove; that was a question for the jury to determine. The tenant claimed under the elder patent, and was in the actual possession of a part of the land in controversy, before the suit was brought. No objection seems to have been made to his conveyance, upon the ground that it was made when the land was in the adverse possession of another. When that objection shall be made, it may be in his power to shew that his grantors were in the actual or constructive possession of all the land embraced by the elder grant, except that in the actual occupation of the demandants. I think this Court can look no further than to the propriety of the instructions, and if there was error in the decisions in regard to them, must send the cause back for a new trial.
*286 The other Judges concurred in Judge Allen’s opinion.
The following is the judgment of the Court:
The Court is of opinion, that although the deed of the 6th of December 1822, was proper evidence on the part of the demandants, as a link in their chain of title, the recitals therein of facts as the inducement of the deed, were no evidence of the facts recited against the tenant, who was no party to the deed, and claimed adversely to the title which the deed purported to convey. That there was no evidence, except the recitals in the deed, which tended to prove the state of facts supposed in the instruction moved for by the demandants, and the instruction, therefore, brought to the consideration of the Court the effect of said recitals as evidence, and by giving the instruction, it was left to the jury to consider said recitals as legal and proper evidence against the tenant, to be weighed by them in considering of then verdict; the Court is therefore of opinion, that the Circuit court erred in overruling the tenant’s objection to said instruction, and giving the same to the jury.
And the Court is further of opinion, that the said Circuit court erred in overruling the motion of the tenant to instruct the jury that said deed of the 6th December 1822, was not evidence in said cause of any such payment of the purchase money as in the instruction asked for by the demandants, and given by the Court, was referred to, or as would have given the said Joseph Givens, or his heirs, a right to call for the title. Judgment reversed, with costs to the appellant; verdict set aside, and cause remanded for a new trial of the issue ; upon which, upon the same evidence, if the same instruction be asked for by the demandants, the same is not to be given; but the instruction of the tenant, if again asked for, should be given.